## Commonwealth *v.* Gabriel, Appellant.

Argued March 25, 1961. Before Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ. (Rhodes, P. J., absent).

*Samuel Lichtenfeld,* for appellant.

*Frederic G. Antoun,* Deputy Attorney General, with him *Anne X. Alpern,* Attorney General, for Commonwealth, appellee.

Opinion by Watkins, J., June 15, 1961:

Herman William Gabriel, the defendant-appellant, has appealed from the judgment and sentence of the Court of Quarter Sessions of Delaware County, after conviction of violating the Pennsylvania Securities Act of 1941, P. L. 317, §1, 70 PS §52; and from the denial by the court below of his motions in arrest of judgment and for a new trial.

He had also been subject to indictments for larceny by bailee, fraudulent conversion, cheating by false pretenses and conspiracy. The court below granted his motion in arrest of judgment as to larceny by bailee and, during the trial, directed verdicts in the other cases. He was sentenced to pay a fine of $500 and to undergo imprisonment for six months.

He was convicted of violation of the Pennsylvania Securities Act, supra, the pertinent part of which reads

as follows: "Any dealer or salesman who shall in this State, without being registered hereunder, either (a) sell any security . . . shall be guilty of a misdemeanor, . . ."

The act defines "security" as follows: "(a) 'Security.' The term 'security' means any bond, stock, collateral trust certificate, transferable share, investment contract, certificate under a voting trust agreement, treasury stock, note, debenture, certificate in or under a profit sharing or participation agreement, subscription or preorganization certificate, fractional undivided interest in oil, gas, or other mineral rights, evidence of indebtedness, certificate of deposit for a security, certificate or instrument representing or secured by an interest in the capital assets or property of any company, other instrument commonly known as a security, or certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, any of the foregoing." Act of 1941, P. L. 317, §1, 70 PS §32(a).

We have held that the Pennsylvania Securities Act is remedial legislation; its primary purpose is to protect the investing public so that the defined classes of investments are to be liberally construed; only the penal provisions are to be strictly construed. *Com. v. Yaste,* 166 Pa. Superior Ct. 275, 70 A. 2d 685 (1950). In the *Yaste* case, supra, at page 281, *Securities & E. Commission v. C. M. Joiner L. Corp.,* 320 U. S. 344, 64 S. Ct. 120, was cited with approval, where Mr. Justice JACKSON said: "In applying acts of this general purpose, the courts have not been guided by the nature of the assets back of a particular document or offering. The test rather is what character the instrument is given in commerce by the terms of the offer, the plan of distribution, and the economic inducements held out to the prospect."

In this case, however, the record is entirely bare of the facts necessary to convict under the most liberal construction of the definition of security.

There is no question that neither the appellant nor the Idea Marketing Institute or Association, whether a business corporation, a nonprofit corporation, an association, a partnership, or whatever it is, was registered as required by the Act.

A careful examination of the record shows nothing else that can legally support the conviction. We agree with the court below that calling a "security" a "membership" will not take the appellant out of the act but it still remains the burden of the Commonwealth to prove beyond a reasonable doubt that the "membership", so sold, was, in fact, a security. This would, in the ordinary course of events, require the production of the instrument in question, if available, and if not, after laying the proper groundwork, under the exception to the best evidence rule, a description of it, so that it can be determined by the court and jury whether it falls within the definition contained in the act.

As the court below also said: "There is credible testimony, if believed by the jury, which would indicate that the defendant sold at least one membership and received the money for it."

It is much easier from this record to denote what the Commonwealth failed to prove than what was actually admitted into evidence. The record shows that after a long and careful investigation of a company known as Idea Marketing Institute or Association, by the Pennsylvania Securities Commission, the charges against this appellant were instituted. The only documentary exhibits offered into evidence as a result of the investigation were statements issued by the commission to the effect that a search of its records failed to disclose registration by the appellant or the association.

There is no evidence as to the status of the Idea Marketing Institute and no attempt was made to show it had been incorporated or chartered as a business cor-. poration or a nonprofit corporation and if the former, what its purposes of existence were; or was there any evidence indicating that it was a corporation authorized to issue stock or other form of security as an interest in the capital assets or property of the corporation.

Although it was admitted in oral argument, and the record itself so discloses, the special prosecuting attorney had in his possession some of the so-called membership certificates, yet they were never introduced into evidence and the jury did not have the opportunity to examine them or to make any conclusion or draw any inferences based on such examination. These documents were clearly the best evidence of what was sold by the appellant. No description of the "membership" certificate or what the certificate contained was even attempted.

There also appears in the record, as brought out by questions of the Commonwealth and answers by the witnesses, a suggestion of the existence of a written prospectus concerning the nature of the business of the company and a vague intimation that this prospectus induced the purchase of "membership". This so-called prospectus was never introduced into evidence and no effort was made to relate its contents.

The only evidence that can be remotely connected with an effort to describe the "membership" is the leading questions of the prosecuting attorney calling for the conclusion that the buyer was making an "investment", and his own statement to that effect. He could just as properly have asked whether the witness had purchased a "security".

The appellant served as his own counsel in this case. Had this appellant been represented by counsel,

much of the testimony in the record would have been excluded as hearsay, leading and representing conclusions of the witnesses and motions made at the proper time might well have worked this appellant's discharge. It is interesting to note that the court below did not offer to appoint counsel for this appellant. The colloquy at the outset of the trial is as follows: "THE COURT: I continued this case last term to give you an opportunity to get yourself counsel; why did you not do it? THE DEFENDANT: Because I have not gotten straightened out financially and have been unable; I have notified the District Attorney's Office Monday of last week to that effect. THE COURT: All right; we will go ahead with the trial."

We have before us, then, only the question whether the Commonwealth has sustained its burden to establish, by competent evidence, that the appellant violated the pertinent provision of the Pennsylvania Securities Act. This seems to be a relatively simple burden of proving to the satisfaction of a jury, beyond a reasonable doubt, that this appellant sold a security in violation of the act. The Commonwealth did prove that the appellant sold a "membership" but failed utterly to say just what this membership was and to produce the evidence necessary to prove that this "membership" fell within the most liberal interpretation of "security" under the act. This verdict was not sustained by competent evidence and the court below should have sustained the motion in arrest of judgment; and we need not discuss the further complaints in this appeal concerning the charge of the court.

The judgment is arrested and the appellant discharged.